UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR - 8 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

In re *Ex Parte* Application of

**MERCK SHARP & DOHME CORP.**, *et al.*,

Petitioners,

FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN TESTIMONY OF DR. WILLIAM P. HAUSDORFF FOR USE IN A FOREIGN PROCEEDING.

Civil Action No.
1:19-mc-28 (GMH)

**MERCK SHARP & DOHME CORP. AND MERCK CANADA INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY THEIR APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING SHOULD BE GRANTED *EX PARTE***

Petitioners, Merck Sharp & Dohme Corp. and Merck Canada, Inc. (collectively "Merck"), through undersigned counsel, hereby respond to this Court's Order (ECF No. 2) dated February 28, 2019, to show cause why Merck's Application for an Order Pursuant to 28 U.S.C. § 1782 to obtain discovery from Dr. William P. Hausdorff for use in a foreign proceeding (ECF No. 1) should be granted on an *ex parte* basis.

Specifically, the Court has directed that Merck's response address Chief Judge Howell's observations in *In re Application of Hulley Enters. Ltd.*, Misc, Action No. 17-1466, ECF No. 5 at 2, that bringing the application by order to show cause would "'streamline these proceedings' by accelerating identification of grounds for objection . . . and, more significantly, [] facilitate full and fair consideration of . . . this Court's authority, under 28 U.S.C. § 1782, to issue the requested subpoenas and the factors identified by the Supreme Court governing the exercise of discretion to do so." *Id.* (internal citations omitted).

It is well settled that a U.S. District Court may grant an *ex parte* application for relief pursuant to 28 U.S.C. § 1782. *See, e.g., In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,* 315 F. Supp. 3d 269, 272-73 (D.D.C. 2018). This is because "as a general matter, *ex parte* review is 'justified by the fact that the parties [from whom discovery is sought] will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *Id.* (quoting *In re Letter of Request from Supreme Ct. of Hong Kong,* 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)); *see also In re Clerici,* 481 F.3d 1324, 1329-30 (11th Cir. 2007) (*ex parte* §1782 application granted one day after filing); *In re Esses,* 101 F.3d 873, 874 (2d Cir. 1996) (affirming grant of *ex parte* application). Accordingly, as a procedural matter, it has become a common and customary practice for § 1782 applicants to commence their petitions by submitting them to the Court on an *ex parte* basis.

While there are instances in which a court may see a benefit to proceeding via an order to show cause, as Chief Judge Howell did in *In re Hulley Enterprises,* that does not mean that all § 1782 applications may not or should not be granted on an *ex parte* basis. Like a typical § 1782 application, Merck's *ex parte* application sets out the facts underlying and supporting the request for § 1782 relief. It explains how the statutory requirements for § 1782 relief have been met, and shows that the discretionary factors as set out in the Supreme Court's decision in *Intel* weigh in favor of granting the § 1782 application. Merck respectfully submits that it has presented overwhelming support in favor of granting its application and this Court may grant it on an *ex parte basis.*[1]

---

[1] There can be no real dispute that the statutory factors of § 1782 have been satisfied (the discovery sought is for use in a patent litigation before a Canadian court, Dr. Hausdorff resides in this district, and Merck is an "interested person" within the meaning of § 1782 because it is a

Of course, a court may manage a miscellaneous proceeding pursuant to § 1782 any way it sees fit, and has the inherent discretion to issue an Order to Show Cause *sua sponte* directing that the Recipient appear and show cause why an order should not be issued granting the § 1782 relief sought by plaintiff. Merck has no objection to the Court issuing such an Order to Show Cause to Recipient, as it would ultimately have the same effect as if the Court granted the § 1782 relief sought in the *ex parte* application – *i.e.*, the Recipient would be summoned by the Court to appear in this case and set out his position with respect to the relief being sought. However, for the reasons below, Merck believes such an approach is not necessary in this case, as it would not streamline the proceedings.

First, the *Hulley Enterprises* case is very different from the case at bar. In *Hulley*, the § 1782 petitioner sought to obtain permission to serve four subpoenas upon a large law firm and a partner at that firm. In seeking to "streamline the proceedings," Judge Howell decided that that particular § 1782 application could be handled more efficiently by serving each recipient with an order to show cause, together with the § 1782 application, for the purpose of setting a briefing schedule for submission of any objections on the same day, and for the petitioners to respond to both responses on a date certain. In that case, this approach made sense because it in essence consolidated the time for response by the multiple recipients, avoiding piecemeal submissions.

No such efficiency would be accomplished by seeking an Order to Show Cause to Recipient in this case. There is only one recipient and one proposed subpoena. Once the

---

party to the Canadian proceeding). Furthermore, each of the discretionary factors set out in *Intel* weigh heavily in favor of granting the application (Dr. Hausdorff is not a party to the Canadian proceeding, the Canadian Court would be receptive to the discovery sought since it has issued a letter of request for such discovery, the application does not constitute an attempt to circumvent proof-gathering restrictions, and the information sought is not unduly intrusive or burdensome). *See generally* Merck's *Ex Parte* Application, ECF No. 1. In addition, Wyeth consented to the Canadian Court's letter of request for the discovery Merck is seeking in this application, *see id.* at Exh. A (Legere Decl.), ¶ 14, Exh. C, and will be given 14 days' notice of the deposition.

3

recipient is served with the subpoena and the papers upon which it is based, he can move to quash the subpoena or for a protective order, and the court would not need to wait for opposition by another party before making a ruling.

Second, in *Hulley* Judge Howell noted that an order to show cause was particularly appropriate because the requested subpoena sought discovery from attorneys regarding client representations, thus "strongly suggesting that privileged material may be at issue." *In re Hulley Enters.*, ECF No. 5, at 2. It makes sense for a Court presented with that situation to prefer that the lawyer and the firm being served submit their respective positions on the issue of attorney-client privilege at the same time.

Merck's application, however, does not present such complicated or sensitive circumstances. The Recipient is not an attorney and Merck is not seeking privileged information. Furthermore, Wyeth LLC will be notified of the deposition and given an opportunity to be represented to ensure that he will not divulge any possibly privileged information relating to the application for the patent at issue in the foreign proceeding. *See In re Application of Masters*, 315 F. Supp. 3d at 273 (granting § 1782 application on an *ex parte* basis because "the Application does not appear to present complex issues that require the participation of Bank of America or Citibank to resolve," comparing *In re Application of Hulley Enters.*, in which *ex parte* consideration of a § 1782 application was denied because it was "particularly appropriate" to require the participation of a third-party subpoena target "given that ... privileged material may be at issue").

Finally, to the extent that the Court is of the view that Merck could have or should have brought its § 1782 application by moving for an Order to Show Cause instead of *ex parte*, the basis for Merck's § 1782 application would be substantively the same whether brought by order

4

to show cause or *ex parte*. Merck, thus, respectfully submits that there is no need to require Merck to re-submit its § 1782 application styled as a motion seeking an order to show cause since the *ex parte* application papers provide ample explanation and notice to both the court and Recipient of the relief it seeks and the basis for that relief. Requiring a resubmission of the application would only hamper rather than streamline the proceedings. Assuming the Court agrees that Merck's application meets the statutory requirements and discretionary factors, which Merck believes it does, the next step would be for the Court to either (1) issue an order directing Dr. Hausdorff to appear and show good cause why an order should not be entered granting the § 1782 application, or (2) as requested here, to issue an order granting Merck's request to serve a subpoena on Dr. Hausdorff. In either case, the service of the order to show cause or the subpoena (together with the documents upon which the subpoena or order to show cause was based) upon the Recipient would give the Recipient full notice of the matter before the Court, the basis of the relief being sought, and an opportunity to be heard to the extent that the Recipient sought to object to the relief being sought via motion to quash or for a protective order.

In conclusion, while Merck believes that the § 1782 application brought on an *ex parte* basis in this case should be granted, Merck has no objection to the Court issuing an order directing Merck to serve Dr. Hausdorff with the existing *ex parte* application and ordering him to appear on date certain to show cause why an order should not be issued granting Merck's application for §1782 relief. However, unlike in *Hulley*, an issuance of an order to show cause would not "streamline the proceedings" in this case.

WHEREFORE, Merck respectfully requests that this Court grant its *ex parte* application and endorse the submitted Order granting it leave to serve Dr. William P. Hausdorff with the subpoena attached to the proposed Order, or alternatively, issue an Order to Show Cause to be

served on Dr. Hausdorff together with Merck's ex *parte* § 1782 application directing Dr. Hausdorff to show cause by a date certain why an order should not be issued granting Merck's § 1782 application.

Dated: March 8, 2019

Gene M. Burd   (D.C. Bar No. 1004330)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC 20006
Tel.: 202-677-4048
Fax: 202-677-4049
gene.burd@agg.com

Maria Luisa Palmese
V. David Rivkin
WUERSCH & GERING LLP
100 Wall Street, 10th Fl.
New York, NY 10005
Tel: 212-509-4744
Fax: 212-509-5050
maria.palmese@wg-law.com
(*pro hac vice* to be submitted)

*Counsel for*
*Merck Sharp & Dohme Corp. and*
*Merck Canada Inc.*